United States District Court
For the Northern District of California

1    *E-Filed: September 25, 2014*

2

3

4

5

6

7    NOT FOR CITATION

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   SAN JOSE DIVISION

11   MERILYN FULINARA; et al.,                    No. C13-03963 HRL

12             Plaintiffs,                        **ORDER GRANTING DEFENDANTS'**
                                                  **MOTION TO DISMISS**
13        v.
                                                  **[Re: Docket No. 22]**
14   BANK OF NEW YORK MELLON; et al.,

15             Defendants.
     _____/

16        Merilyn Fulinara and Noe Fulinara sue Bank of New York Mellon, Bank of America, N.A.,

17   and Does 1 through 50 for claims arising out of the refinancing of their home mortgage loan.  Bank

18   of New York and Bank of America move to dismiss the claims against them under Federal Rule of

19   Civil Procedure 12(b)(6).  Dkt. No. 22.  Plaintiffs filed an opposition and Defendants filed a reply.

20   Dkt. Nos. 24, 25.  All parties have expressly consented to having all matters proceed before a

21   magistrate judge.  The motion is deemed suitable for determination without oral argument. The

22   September 30, 2014 hearing is vacated.  Civ. L.R. 7-1(b).  Based on the moving and responding

23   papers, the Court grants the motion to dismiss.

24                                    **BACKGROUND**

25        In 1998, Merilyn Fulinara and Noe Fulinara purchased property located at 2819 McAndrew

26   Court, San Jose, California 95121.[1]  FAC ¶ 12.  In 2006, with the assistance of a "Jane Doe"

27   mortgage broker, Plaintiffs refinanced their home and obtained a loan secured by a Deed of Trust on

28   _____
     [1] Unless otherwise stated, the following facts are from Plaintiffs' First Amended Complaint and
     assumed to be true for purposes of this motion.  *See* Dkt. No. 15.

the property.  *Id.* ¶¶ 13-14, 17.  Jane Doe told Plaintiffs that they were entering into a loan with a fixed monthly payment of approximately $2,700 per month for the life of the loan, and failed to explain the true terms of the loan agreement in either English or Plaintiffs' native language of Tagalog.  *Id.* ¶¶ 15-16, 19.  Relying on Jane Doe's representations, Plaintiffs entered into a refinance agreement with Ampro Mortgage, a division of United Financial Mortgage Corp., and executed a Deed of Trust and Promissory Note in favor of Ampro.  *Id.* ¶ 17.  Bank of New York acquired the Deed of Trust and Promissory Note, with Bank of America acting as the servicer.  *Id.* ¶ 18.

Plaintiffs defaulted on the loan in December 2007.  Defs. RJN, Exh. A.[2]  In November 2011, Plaintiffs' monthly payment increased from approximately $2,700 to $9,274.03.  FAC ¶ 20.  Plaintiffs subsequently discovered that they had been placed into a negatively amortizing loan.  *Id.* ¶ 21. A Notice of Default was recorded in the Santa Clara County Recorder's Office in January 2012.  Defs. RJN, Exh. A.

Plaintiffs filed suit in August 2013.  The First Amended Complaint (the operative complaint) asserts six claims: (1) breach of fiduciary duty against Jane Doe; (2) constructive fraud against Jane Doe; (3) fraudulent inducement to contract against Jane Doe; (4) reformation of contract against all Defendants; (5) violation of California Civil Code § 2924 against Bank of America and BAC Home Loans Servicing, LP[3]; and (6) unfair competition in violation of Business and Professions Code §§ 17200 *et seq*. against all Defendants.

Bank of New York and Bank of America filed the present motion to dismiss the claims against them on August 22, 2014.  Dkt. No. 22.  Plaintiffs filed an opposition and Defendants filed a reply.  Dkt. Nos. 24, 25.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

---

[2] Defendants' Request for Judicial Notice, Dkt. No. 23, is granted.  *See* Fed. R. Evid. 201(b); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).
[3] Bank of America is the successor by merger to BAC Home Loans Servicing.  FAC ¶ 7.

United States District Court
For the Northern District of California

F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

Bank of New York and Bank of America move to dismiss the three claims asserted against them: (1) reformation of contract; (2) violation of California Civil Code § 2924; and (3) unfair competition in violation of Business and Professions Code §§ 17200 *et seq*.  Each claim will be addressed in turn.

### A.  Reformation of Contract

The fourth claim for reformation of contract alleges that "Plaintiffs were working with Defendants to secure a loan agreement for a refinance of their Property.  The Broker held herself out as acting in Plaintiffs' best interests.  During these discussions, the Broker failed to explain any of the terms of the loan to Plaintiffs.  In fact, at the time of the signing, Plaintiffs understood that the monthly payment would stay the same or very close to $2,700.  To Plaintiffs' shock, however, Defendants placed Plaintiffs into a negatively amortizing loan with an adjustable rate mortgage."  FAC ¶ 64.

"To state a claim for reformation under California law, a plaintiff must plead that 'by reason of fraud practiced by one of the parties, or of the mutual mistake of the parties or of a mistake of one of them, which the other at the time knew or suspected, there were omitted from the instrument certain material terms and conditions.'"  *Kulberg v. Wash. Mut. Bank*, No. 10-CV-1214, 2011 WL 1431512, at *5 (S.D. Cal. Apr. 14, 2011) (quoting *Pascoe v. Morrison*, 219 Cal. 54, 56 (1933)).

Here, Plaintiffs fail to state a claim for reformation against Bank of New York and Bank of America.  Plaintiffs do not allege any fraud on the part of Bank of New York or Bank of America.  Indeed, Plaintiffs conceded in their opposition that "Plaintiffs are not claiming any unlawful conduct

United States District Court
For the Northern District of California

on the part of the moving Defendants, but simply included the moving Defendants in the cause of action [for reformation] as necessary parties." Opp. at 6.  In addition, Plaintiffs fail to allege that there was a mutual mistake of the parties.  To the extent that they intend to plead a unilateral mistake, they have pled no facts to support a claim that Defendants knew or suspected that the terms varied from Plaintiffs' understanding of the contract.

Accordingly, Bank of New York and Bank of America's motion to dismiss the fourth claim against them is granted.

**B.  Violation of California Civil Code § 2924**

The fifth claim for violation of Section 2924 alleges that "Defendant Bank of New York, as successor in interest to Ampro, knew, or should have known, that the Broker was breaching her fiduciary duties to Plaintiffs and, nevertheless, assisted her in breaching her fiduciary duty by placing ignorant consumers into risky, negatively amortized loans, with the knowledge that these types of loans were not beneficial to the vast majority of the people that were placed into these loans.  Further, Defendant Bank of New York and [BAC Home Loans Servicing] have continued to ratify the breach of fiduciary duty by enforcing the terms of a loan which Defendants knew, or should have known, was entered into without the knowledge of Plaintiffs. . . .  [I]n bringing foreclosure proceedings against Plaintiffs based on a voidable loan, Defendants Bank of New York and [BAC Home Loans Servicing] have violated Cal. Civil Code § 2924."  FAC ¶¶ 69, 71.

Section 2924 governs the process of non-judicial foreclosure.  These conclusory allegations, however, have no bearing on the comprehensive non-judicial foreclosure statutes and do not explain how Defendants were allegedly in breach of Section 2924.  There is no specific factual allegation that Defendants participated in, knew of, or should have known of any fraud on the part of Plaintiffs' broker, and therefore, there is no basis to claim that the non-judicial foreclosure process has been violated.  Accordingly, Bank of New York and Bank of America's motion to dismiss the fifth claim against them is granted.

**C.  Unfair Competition**

The sixth claim for unfair competition alleges that "Defendants' conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California

United States District Court
For the Northern District of California

1    Business and Professions Code § 17200 *et seq*." FAC ¶ 75.

2         The Unfair Competition Law ("UCL") prohibits "unfair competition," meaning "any

3    unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

4    advertising." Cal. Bus. & Prof. Code § 17200.  First, "an action based on [the UCL] to redress an

5    unlawful business practice 'borrows' violations of other laws and treats these violations . . . as

6    unlawful  practices, independently actionable under section 17200 et seq. and subject to the distinct

7    remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992)

8    (internal quotation marks omitted).  Second, "unfair" conduct must be "tethered to any underlying

9    constitutional, statutory or regulatory provision, or . . . it [must] threaten[] an incipient violation of

10   an antitrust law, or violate[] the policy or spirit of an antitrust law." *Durell v. Sharp Healthcare*,

11   183 Cal. App. 4th 1350, 1366 (2010).  Third, "a fraudulent business practice is one that is likely to

12   deceive members of the public." *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235,

13   1255 (2009).  A UCL claim must be dismissed if the plaintiff fails to state a claim for the predicate

14   acts upon which he bases the claim. *See Gaitan v. Mortg. Elec. Registration Sys.*, No. EDCV 09–

15   1009, 2009 WL 3244729, at *11 (C.D. Cal. Oct. 5, 2009).

16        As explained above, Plaintiffs' claims for reformation and violation of Section 2924 against

17   Bank of New York and Bank of America fail.  Accordingly, Plaintiffs cannot state a UCL claim

18   against the moving Defendants based on these allegations. In addition, Plaintiffs have not alleged

19   any additional facts establishing "unfair" conduct tethered to any specific constitutional, statutory,

20   or regulatory provision, or any conduct on the part of Bank of New York and Bank of America that

21   could threaten an incipient violation of an antitrust law or violate the policy or spirit of such a law.

22   Moreover, Plaintiffs have not alleged any conduct on the part of Bank of New York and Bank of

23   America likely to deceive members of the public. Accordingly, Bank of New York and Bank of

24   America's motion to dismiss the sixth claim against them is granted.

25                                    **CONCLUSION**

26        For the reasons stated above, Bank of New York and Bank of America's Motion to Dismiss

27   the fourth, fifth, and sixth claims against them is granted without prejudice.

28

1    If Plaintiffs choose to amend the First Amended Complaint, the amended pleading shall be

2    filed within 14 days from the date this order is filed.  The amended pleading shall not add new

3    claims for relief without first seeking leave of the Court.

4         **IT IS SO ORDERED.**

5    Dated: September 25, 2014

6    

7    HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   **C13-03963 HRL Notice will be electronically mailed to:**

2   Adam Frederick Summerfield     asummerfield@mcguirewoods.com, dvickers@mcguirewoods.com

3   Jessica Ryan Galletta     mellenlaw@yahoo.com

4   Lila Yasir Al-Marhoon     lal-marhoon@mcguirewoods.com, dvickers@mcguirewoods.com,
    ladocket@mcguirewoods.com, mbetti@mcguirewoods.com

5

6   Matthew David Mellen     mellenlaw@yahoo.com

7   **Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28