*E-Filed: November 24, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERILYN FULINARA; et al.,<br><br>    Plaintiffs,<br>  v.<br><br>BANK OF NEW YORK MELLON; et al.,<br><br>    Defendants.<br>_____/ | No. C13-03963 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**ORDER DENYING AS MOOT DEFENDANTS' REQUEST FOR PERMISSION TO APPEAR TELEPHONICALLY AT THE NOVEMBER 25, 2014 HEARING**<br><br>[Re: Docket Nos. 28, 32] |

Merilyn Fulinara and Noe Fulinara sue Bank of New York Mellon, Bank of America, N.A., and Does 1 through 50 for claims arising out of the refinancing of their home mortgage loan. Bank of New York and Bank of America move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 28. Plaintiffs filed an opposition and Defendants filed a reply. Dkt. Nos. 30, 31. All parties have expressly consented to having all matters proceed before a magistrate judge. The motion is deemed suitable for determination without oral argument. The November 25, 2014 hearing is vacated. Civ. L.R. 7-1(b). Defendants' request for permission to appear telephonically at the November 25, 2014 hearing, Dkt. No. 32, is denied as moot. Based on the moving and responding papers, the Court grants the motion to dismiss.

///

///

## BACKGROUND

In 1998, Merilyn Fulinara and Noe Fulinara purchased property located at 2819 McAndrew Court, San Jose, California 95121.[1]  SAC ¶ 12.  In 2006, with the assistance of a "Jane Doe" mortgage broker, Plaintiffs refinanced their home and obtained a loan secured by a Deed of Trust on the property.  *Id.* ¶¶ 13-14, 17.  Jane Doe told Plaintiffs that they were entering into a loan with a fixed monthly payment of approximately $2,700 per month for the life of the loan, and failed to explain the true terms of the loan agreement in either English or Plaintiffs' native language of Tagalog.  *Id.* ¶¶ 15-16, 19.  Relying on Jane Doe's representations, Plaintiffs entered into a refinance agreement with Ampro Mortgage, a division of United Financial Mortgage Corp., and executed a Deed of Trust and Promissory Note in favor of Ampro.  *Id.* ¶ 17.  Bank of New York acquired the Deed of Trust and Promissory Note, with Bank of America acting as the servicer.  *Id.* ¶ 18.

Plaintiffs defaulted on the loan in December 2007.  Defs. RJN, Exh. C.[2]  In November 2011, Plaintiffs' monthly payment increased from approximately $2,700 to $9,274.03.  SAC ¶ 20.  Plaintiffs subsequently discovered that they had been placed into a negatively amortizing loan.  *Id.* ¶ 21.  A Notice of Default was recorded in the Santa Clara County Recorder's Office in January 2012.  Defs. RJN, Exh. C.

Plaintiffs filed suit in August 2013.  The Second Amended Complaint (the operative complaint) asserts four claims: (1) breach of fiduciary duty against Jane Doe; (2) constructive fraud against Jane Doe; (3) fraudulent inducement to contract against Jane Doe; and (4) reformation of contract against all Defendants.

Bank of New York and Bank of America filed the present motion to dismiss the claims against them on October 21, 2014.  Dkt. No. 28.  Plaintiffs filed an opposition and Defendants filed a reply.  Dkt. Nos. 30, 31.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

---

[1] Unless otherwise stated, the following facts are from Plaintiffs' Second Amended Complaint and assumed to be true for purposes of this motion.  *See* Dkt. No. 27.
[2] Defendants' Request for Judicial Notice, Dkt. No. 29, is granted.  *See* Fed. R. Evid. 201(b); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

1  2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient
2  facts alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901
3  F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be
4  taken as true and construed in the light most favorable to the claimant.  *Id.*  However, "[t]hreadbare
5  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
6  suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is not required to
7  accept legal conclusions cast in the form of factual allegations if those conclusions cannot
8  reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-
9  55 (9th Cir. 1994).

## DISCUSSION

Bank of New York and Bank of America move to dismiss the fourth claim, reformation of contract, asserted against them.  The fourth claim alleges that "Plaintiffs were working with Defendants to secure a loan agreement for a refinance of their Property.  The Broker held herself out as acting in Plaintiffs' best interests.  During these discussions, the Broker failed to explain any of the terms of the loan to Plaintiffs.  In fact, at the time of the signing, Plaintiffs understood that the monthly payment would stay the same or very close to $2,700.  To Plaintiffs' shock, however, Defendants placed Plaintiffs into a negatively amortizing loan with an adjustable rate mortgage."  SAC ¶ 57.

"To state a claim for reformation under California law, a plaintiff must plead that 'by reason of fraud practiced by one of the parties, or of the mutual mistake of the parties or of a mistake of one of them, which the other at the time knew or suspected, there were omitted from the instrument certain material terms and conditions.'"  *Kulberg v. Wash. Mut. Bank*, No. 10-CV-1214, 2011 WL 1431512, at *5 (S.D. Cal. Apr. 14, 2011) (quoting *Pascoe v. Morrison*, 219 Cal. 54, 56 (1933)).

Here, Plaintiffs fail to state a claim for reformation against Bank of New York and Bank of America.  Plaintiffs do not allege any fraud on the part of Bank of New York or Bank of America.  Indeed, Plaintiffs conceded in their opposition that "Plaintiffs are not claiming any unlawful conduct on the part of the moving Defendants, but simply included the moving Defendants in the cause of action [for reformation] as necessary parties."  Opp. at 7.  In addition, Plaintiffs fail to allege that

3

there was a mutual mistake of the parties. To the extent that they intend to plead a unilateral mistake, they have pled no facts to support a claim that Defendants knew or suspected that the terms varied from Plaintiffs' understanding of the contract.

Plaintiffs argue that "Plaintiffs' claims are directed toward the Broker, with Defendants as necessary parties to the lawsuit as the current beneficiary and servicer of Plaintiffs' loans." *Id.* at 6. "Plaintiffs are not claiming any unlawful conduct on the part of the moving Defendants, but simply included the moving Defendants in the cause of action as necessary parties." *Id.* at 7. Under Federal Rule of Civil Procedure 19(a)(1), "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Here, Bank of America and Bank of New York may not be joined as necessary parties. The only case that Plaintiffs cite in support of their argument—*Adams v. Nationscredit Financial Services Corp.*, 351 F. Supp. 2d 829 (N.D. Ill. 2004)—is distinguishable. In *Adams*, the court held that where the plaintiff sought rescission under the Truth in Lending Act, the loan servicer was a necessary party to the action because the servicer could attempt to foreclose on the loan. *Adams*, 351 F. Supp. 2d at 835. There, the loan servicer was deemed necessary because the plaintiff had actionable claims under the Truth in Lending Act and state law against three other named defendants. Here, in contrast, Plaintiffs have not successfully asserted a claim for reformation against any defendant. In addition, Plaintiffs may still be provided complete relief against Jane Doe for monetary damages under their remaining claims for breach of fiduciary duty, constructive fraud, and fraudulent inducement. Plaintiffs have an adequate remedy at law without the involvement of Bank of New York or Bank of America.

Accordingly, Bank of New York and Bank of America's motion to dismiss the fourth claim against them is granted. Because Plaintiffs have amended their complaint twice and still fail to

correct the defects in pleading identified in the Order Granting Defendants' Motion to Dismiss, Dkt. No. 26, the fourth claim is dismissed against Bank of New York and Bank of America without leave to amend.

## CONCLUSION

For the reasons stated above, Bank of New York and Bank of America's Motion to Dismiss the fourth claim against them is granted without leave to amend.

**IT IS SO ORDERED.**

Dated: November 24, 2014



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-03963 HRL** N**otice will be electronically mailed to:**

Adam Frederick Summerfield    asummerfield@mcguirewoods.com, dvickers@mcguirewoods.com

Jessica Ryan Galletta    mellenlaw@yahoo.com

Lila Yasir Al-Marhoon    lal-marhoon@mcguirewoods.com, dvickers@mcguirewoods.com, ladocket@mcguirewoods.com, mbetti@mcguirewoods.com

Matthew David Mellen    mellenlaw@yahoo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**